■ In the Matter of the Claim of JOHN D. MCLEAN, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board. Claimant is an actor. He had a contract for a single television performance, to be preceded by two days of rehearsal. The contract provided, on its face, for a total payment of $50.50. The two rehearsals were in one week and the performance in another week. Claimant had been receiving unemployment insurance benefits, and in making a periodic report to the unemployment insurance office, an interviewer told him that if on the two days on which the rehearsals had occurred he had earned less than $36 he would be eligible to accumulate two effective days in that week for unemployment insurance benefit purposes. Claimant thereupon reported that $34 was attributable to these two days. He did this by dividing roughly by three the total face amount of his contract and attributing $34 to the two rehearsal days. The union agreement covering claimant's work provided for overtime payments. Claimant testified he knew he had worked overtime when he allocated the $34 to the two days in question on the basis of the amount stated in the contract which did not include overtime; and he testified he knew the overtime rate and that he would be entitled to more money than shown on the face of the contract. Because of the overtime he actually received for services under this contract $81.10, instead of $50.50. The employer calculated payments on the basis of actual overtime both for the rehearsals and the per-formance, and allocated to the two rehearsal days $22.30 for one day and $27.87 for the other, a total of $50.17, which greatly exceeded the amount which would be decisive on whether two effective days had been accumulated during that week. The employer allocated $30.93 for the performance itself. Claimant does not dispute the time allocation for those days or the requirement of the union agreement that those amounts be paid for the overtime. All of these essential facts were known to claimant, i.e., the amount of overtime and the rate payable, when he made the statement that he had earned $34 for the two rehearsal days.

When he actually received the payment for the services some two weeks later, he did not advise the unemployment office that the statement he had made was erroneous. This later knowledge is not decisive as to the falsity of the earlier statement when made, but failure to report the fact when conclusively known to have been erroneous may be treated as some circumstantial evidence of claimant's state of mind in making the original statement. The appeal board, dealing with an issue of fact, could accept as reliable the employer's allocations, which not only fit accurately with the actual course of events, but which were not demonstrated by claimant to be wrong in relation to the hours worked or the amounts due for those hours. Although it may well be that claimant considered he was acting with good faith, there is substantial evidence to support the conclusion of the Unemployment Insurance Appeal Board that claimant made a false statement to obtain a benefit (Unemployment Insurance Law, § 594; Labor Law, art. 18) and thus to justify the penalty. If there is evidence to support it we are required to accept the finding of fact of the board as final and conclusive (§ 623). Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.